## G. T. Humphreys, Appellee, v. East St. Louis & Suburban Railway Company, Appellant.

452

Opinion filed June 5, 1929.

McGLYNN & McGLYNN, for appellant.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

On the morning of October 27, 1927, appellee was assigned as a motorman to operate an electric car running between Belleville, in the State of Illinois, and St. Louis in the State of Missouri. Appellee took his car No. 26 from appellant's sheds about 4:50 a. m. Just before appellee left the sheds with his car another car of the appellant, known as car No. 22, which was also to be operated between Belleville, Illinois, and St. Louis, Missouri, left the sheds. Car No. 22 was to be run special to the switch at Belleville. On the way from the sheds to the switch at Belleville they do not pick up passengers.

Car No. 22 reached Sixty-fifth and State Streets on the morning of the accident about 5 o'clock. It was still dark at that time. At Sixty-fifth and State Streets there is a curve to the right. On the morning of the accident the trolley on car No. 22 came off as the car rounded this curve and stopped a short distance east of the curve, the place where the accident occurred.

Appellant is organized under the General Railroad Act of the State of Illinois, Cahill's St. ch. 114, ¶ 1 *et seq.*, as is alleged in each count of the declaration. This allegation was not denied by the appellant, nor is it denied anywhere that appellant and appellee, at the time in question, were engaged in interstate commerce.

At the time of the accident appellant had in force certain rules governing the operation of its trains.

Section 87 of its rules is as follows: "Night signals: Night signals are to be displayed from sunset to sunrise. When weather or other conditions obscure day signals, night signals must be used in addition." Another one of appellant's rules in force at the time in question governing the operation of these trains is sections 104, as follows: "Rear End Signals: The following signals will be displayed, one on each side of the rear of every train as markers, to indicate the rear of every train; by day, red flags; by night, yellow lights to the side and red lights to the rear, except when train is clear of the main track, when yellow lights must be displayed to the rear."

While car No. 22, without any rear lights, was standing on this track at Sixty-fifth and State Streets, which was one of the main tracks, car No. 26 ran into it while so standing. As a result of the collision the appellee sustained injuries to his back and other injuires set out in his declaration.

The first count of appellee's declaration is a count based upon the Federal Employers' Liability Act, Cahill's St. ch. 114, ¶ 321 *et seq.* The second count of the declaration is based upon the Safety Appliance Act, and alleges that the brakes on the car being operated by appellee were so defective that he was unable to stop the said car on account of the defective brakes, etc. Each count alleges that as a result of the cars colliding, appellee was thrown with great force and violence against the parts of the car directly in front of him and was then thrown backwards and his back and body struck the iron pipe that ran from the floor of the car to the ceiling. He claimed damages in the sum of $25,000.

Appellant filed a plea of general issue and filed an additional plea to the first count of the declaration, alleging that "the injuries received by the plaintiff on the occasion in plaintiff's declaration mentioned were proximately caused by the negligence of the plaintiff

and that the negligence of the plaintiff on the occasion in question was the sole and proximate cause of his injury." Appellant also filed an additional plea in which it alleged that "the injuries received by the plaintiff on the occasion mentioned in the plaintiff's declaration were caused by the contributory negligence of the defendant which directly and proximately contributed to the injuries to the plaintiff complained of." To this plea a demurrer was sustained.

The case was tried before a jury September, 1928. The jury, by their verdict, found in favor of the appellee on the *first count* of his declaration in the sum of $5,000. After motion for a new trial had been overruled, judgment was entered on the verdict. It now comes before this court on appeal.

The evidence clearly establishes the fact that the cars involved in the accident were engaged in interstate commerce; that the accident happened in the early morning, while it was still dark, east of the curve of Sixty-fifth and State Streets, East St. Louis, and that appellant's car No. 22 at the time of the accident was not displaying the red lights on the rear of his car as provided in rule No. 104 heretofore mentioned; and that plaintiff was injured.

The question in dispute is whether the injuries received by the plaintiff, on the occasion as set forth in plaintiff's declaration mentioned, were proximately caused by the negligence of the defendant, and whether the negligence of the defendant on the occasion in question was the sole and proximate cause of his injuries. The jury having specified in its verdict the count in the declaration upon which their finding is based, its verdict is in effect a finding for the defendant on the other count. Therefore, only the first count of the declaration need be considered in this opinion. The question of defective brakes is no longer a ground of recovery and we need not examine the evidence under that count, unless it relates in some

way to the operation of the car under the count alleging failure to display signal lights. (*Wabash R. Co. v. Smillie*, 97 Ill. App. 7.)

The declaration charges facts that bring this case under the Federal Employers' Liability Act, and our State courts are governed in their construction, application and interpretation of said acts by decisions of our Federal courts. (*Beck v. Baltimore & O. R. Co.*, 244 Ill. App. 441; *Brant v. Chicago & A. R. Co.*, 294 Ill. 606.) Under the evidence we think it is clearly established that at the time of the accident the first car was not displaying the signal lights as required by the rules of the company, which was an act of negligence on the part of the defendant. It is the contention of the plaintiff that the failure to so display the lights was the proximate cause of the accident. It is the contention of the defendant that the failure to display signal lights was not the proximate cause of the accident, but the negligence of the plaintiff himself was the proximate cause of the accident, and that, therefore, he cannot recover in this case.

"Section 1 of the Federal Employers' Liability Act, Cahill's St. ch. 114, ¶ 321 (U. S. Comp. St. 1918, § 8657) provides:

"Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or

death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment.'' *Beck v. Baltimore & O. R. Co., supra,* 446, 447.

Under the provision of said statute, an employee is not obliged to exercise care to discover danger which results from the employer's negligence, and contributory negligence is not a defense under said act, but only goes in mitigation of damages. (*Brant v. Chicago & A. R. Co.,* 294 Ill. 606; *Pennsylvania R. Co. v. Gavin,* 234 Ill. App. 28; *Chesapeake & O. R. Co. v. Proffitt,* 241 U. S. 468; *Texas & P. Ry. Co. v. Harvey,* 228 U. S. 319; *Rock v. Minneapolis, St. P. & S. S. M. Ry. Co.,* 247 Ill. App. 609; and *Fisher v. Chicago, R. I. & P. Ry. Co.,* 290 Ill. 49.) Under the federal act, if the appellant was negligent in any degree, and such negligence contributed as a proximate cause, as we think it did, to his injury, the plaintiff's right to recover cannot be defeated, although his negligence might have been gross, and the negligence of the defendant comparable therewith slight. (*Pennsylvania Co. v. Cole,* 214 Fed. 948; *Norfolk & W. Ry. Co. v. Earnest,* 229 U. S. 114; *Grand Trunk Western Ry. Co. v. Lindsay,* 233 U. S. 42.)

The plaintiff testified that he could not see this car in front of him until he was within about 70 feet of it; that as soon as he noticed it he immediately applied his air brakes, but owing to the defective condition of the brakes he could not stop his car; that on discovery that the brakes would not work he immediately threw the car into reverse, and that the car being heavy the wheels would not reverse the action of the car, and he collided with the car in front of him and received the injuries complained of; that owing to the car having no signal lights he was unable to see it until he got

within a short distance from it; that the car was standing around the curve at Sixty-fifth Street and his lights did not show directly upon the car ahead of him. This evidence is disputed by the conductor of the car on which the plaintiff was driving, and by some witnesses who took other cars and made tests with what they testified were cars approximately in the same position that these cars occupied just prior to the accident; that they could see the front car from the light on the front end of the second car at least 500 feet, and, therefore, defendant insists that the plaintiff should have seen this car at this same distance, and that it was solely his fault and not the fault of the defendant by not having the lights on the rear of the front car as provided by its rules the accident was caused.

Whether the plaintiff is right in his contentions, or the witnesses for the defendant, are proper questions of fact for the jury to decide. They had an opportunity to see and hear the witnesses upon the witness stand, and it is for them to judge which witnesses are credible and the ones to believe. They by their verdict have given more credence to the witnesses of the plaintiff, and unless it is manifestly against the weight of the evidence this court would not be justified for that reason in reversing the case. We cannot say that the finding of the jury is manifestly against the weight of the evidence in this case.

Attorneys for each side of this case complain about the other's argument to the jury. We think from an examination of the record that the point is well taken in each instance; that each of the attorneys made remarks to the jury and engaged in arguments that were improper, and the judge would have been justified in reprimanding the attorneys and stopping the argument before he did. But it appears to us that one party is as guilty of these offenses as the other and the verdict will not be disturbed on that account.

It is insisted that the trial judge erred in giving appellee's instructions Nos. 1, 2, 3 and 8. Appellant cites several cases to sustain its contention. No doubt, if the Federal Employers' Liability Act was not involved in this case its contention would be correct. An examination of all the cases cited discloses that they were personal injury suits brought in our State courts and the Federal Employers' Liability Act is not involved. While some of these instructions are not free from criticism, we think they are not subject to the criticism as pointed out by the attorney for appellant. *Brant v. Chicago & A. R. Co.*, 294 Ill. 606; *Beck v. Baltimore & O. R. Co.*, 244 Ill. App. 441; *Pennsylvania R. Co. v. Gavin*, 234 Ill. App. 28.

Lastly, it is contended that plaintiff's damages are excessive. It is the province of the jury in cases of this kind to allow such damages they think from the evidence the plaintiff has sustained. In this case they fixed that amount at $5,000. From the evidence in this case we cannot say that this amount is excessive.

We find no reversible error in this case and the judgment of the city court of East St. Louis is hereby affirmed.

*Affirmed.*