## John Meier, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by John Meier, plaintiff, against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, defendant, to recover damages for personal injuries sustained as a result of being struck by one of defendant's trains, while employed as a flagman of trains running over tracks under repair. From a judgment for plaintiff for $2,000, defendant appeals.

D. E. KEEFE, for appellant; L. J. HACKNEY and FRANK L. LITTLETON, of counsel.

BURTON & BURTON, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 430*—*when question of contributory negligence immaterial except as bearing upon amount of damages.* In an action for personal injuries by a flagman against a railroad, where there were two counts to the declaration, the second of which alleged that the defendant was engaged in interstate commerce and that plaintiff was employed in such commerce, and where it appeared that plaintiff was injured by being struck by a train which was being operated on a track upon which plaintiff was walking, and defendant contended that plaintiff was guilty

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of contributory negligence and therefore not entitled to recover, *held* that as plaintiff could recover only under the second count, if at all, the Federal Employers' Liability Act applied, and therefore even if plaintiff had been guilty of contributory negligence, such fact would only be material as affecting the amount of damages.

2. MASTER AND SERVANT, § 98*—*what proof must be made as to negligence in action under Federal Employers' Liability Act.* In an action for damages for personal injuries brought under the Federal Employers' Liability Act, section 3 of which provides that contributory negligence shall not bar recovery, but shall diminish the damages in proportion to the amount of negligence attributable to the employee, it is only necessary to prove that the injury was the result, in whole or in part, of negligence on the part of the employer.

3. MASTER AND SERVANT, § 98*—*when federal law governs.* Where both master and servant are engaged in interstate commerce at the time of an injury to the servant, the rights and liabilities of the parties are to be governed exclusively by the Federal Employers' Liability Act.

4. MASTER AND SERVANT, § 695*—*when evidence sufficient to show that timely warning of approach of train was not given.* In an action under the Federal Employers' Liability Act by a flagman to recover for personal injuries received as the result of being struck by a train, evidence *held* sufficient to show that timely warning of the approach of the train was not given.

5. APPEAL AND ERROR, § 1413*—*when verdict should not ordinarily be set aside.* Where two juries have found the issues the same way on conflicting evidence, the trial or Appellate Courts should be slow to set aside the verdict of the jury.

6. MASTER AND SERVANT, § 98*—*what must be proved in action under Federal Employers' Liability Act.* In order to sustain an action to recover under the Federal Employers' Liability Act, it is necessary for the plaintiff to prove that he was employed by the defendant.

7. APPEAL AND ERROR, § 1523*—*when instruction is not prejudicially erroneous.* In a personal injury case based on the Federal Employers' Liability Act, *held* that the giving of an instruction which was based on section 1 of the Act, which was abstract in form and did not set out the whole section, was not prejudicial error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.