REED, ADMINISTRATRIX OF REED, *v.* DIRECTOR GENERAL OF RAILROADS, UNITED STATES RAILROAD ADMINISTRATION, OPERATING PHILADELPHIA & READING RAILROAD.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 78.   Argued January 13, 1922.—Decided February 27, 1922.

In actions under the Federal Employers' Liability Act, the doctrine of assumption of risk has no application when the negligence of a fellow servant which the injured party could not have foreseen is the sole, direct and immediate cause of the injury.  P. 95.

267 Pa. St. 86, reversed.

CERTIORARI to a judgment of the Supreme Court of Pennsylvania, reversing a judgment for the plaintiff, the present petitioner, in an action under the Federal Employers' Liability Act, and directing entry of judgment for the respondent, *non obstante veredicto.*

*Mr. John J. McDevitt, Jr.,* with whom *Mr. Frederick S. Tyler* was on the brief, for petitioner.

*Mr. Wm. Clarke Mason* for respondent.

The case is determined by *Seaboard Air Line Ry.* v. *Horton,* 233 U. S. 492, and *Boldt* v. *Pennsylvania R. R.*

*Co.,* 245 U. S. 441. These are not in conflict with *Chicago, Rock Island & Pacific Ry. Co.* v. *Ward,* 252 U. S. 18, where the movement of the train on which the brakeman was riding involved no danger of collision with a known obstacle upon the track, and no hazard would have resulted from his position if the train had been permitted to continue on its way according to the usual method of operation.

In the present case, there was within the vision of Reed a fixed obstacle on the track, bound to cause derailment unless coöperation between him and the engineer could stop the car. Its presence was known to him and was one of the hazards of " a dangerous yard movement " which he assumed. The case is like *Boldt* v. *Pennsylvania R. R. Co., supra.* See also *Baugham* v. *New York, Philadelphia & Norfolk R. R. Co.,* 241 U. S. 237; *Southern Pacific Co.* v. *Berkshire,* 254 U. S. 415; *Patton* v. *Texas & Pacific Ry. Co.,* 179 U. S. 658, 663.

Mr. Justice McReynolds delivered the opinion of the court.

The petitioner brought an action in the Court of Common Pleas at Philadelphia, alleged that her husband was negligently killed while employed in interstate commerce by the Philadelphia & Reading Railroad and demanded damages. She claimed under the Federal Employers' Liability Act. Verdict and judgment having been entered for her, an appeal was taken to the Supreme Court of the State, and reversal sought upon several grounds. That court considered only one question—Did decedent's death result from a risk which he assumed as the result of his employment? And, concluding that he had assumed such risk, it reversed the judgment of the trial court and entered one for respondent *non obstante veredicto.* 267 Pa. St. 86. As found and stated by the Supreme Court the facts are these:

" Decedent was a member of a crew which had brought a train from Philadelphia to South Bethlehem. Some of the cars contained goods shipped in interstate commerce. When all the cars were released at their appropriate places, the engine went back to get the caboose for the purpose of taking it to the point where it was to stay until wanted for further traffic, and then itself go to the round-house where it was to remain until again needed. This movement was through defendant's yard, where there were a number of tracks upon which cars and locomotives were being shifted constantly. Through the yard ran also the main passenger tracks of defendant, and, at the points where other tracks crossed over or connected therewith, derailing devices had been wisely installed for the purpose of preventing locomotives and cars using the other tracks from running on to or over the passenger tracks, at a time when passenger trains were standing or traveling thereon, and thereby possibly causing collision and serious loss of life.

" The engine and caboose which had reached South Bethlehem were moving over a track which had one of those derailing devices where it connected with the passenger tracks. The caboose being in front of the locomotive, the engineer could not see the device when operating the engine from his cab and hence decedent was directed to and did locate himself on the front of the caboose, with a duty to signal the engineer in time for him to safely stop if the derailing device was set against further passage. It was so set on this occasion, but either through the negligence of decedent himself, or of the engineer in failing to notice or heed the signalling of decedent, the locomotive did not stop in time, the caboose was derailed and decedent was crushed to death between it and cars on an adjoining track. "

Accepting the view that the engineer's negligence was the proximate cause of the fatal injury, the court below

held the decedent had assumed the risk of such negligence and the master was not liable, citing among other cases *Seaboard Air Line Ry.* v. *Horton,* 233 U. S. 492. This we think was error.

*Seaboard Air Line Ry.* v. *Horton*—often followed— ruled that the Federal Employers' Liability Act did not wholly abolish the defense of assumption of risk as recognized and applied at common law. But the opinion distinctly states that the first section "has the effect of abolishing in this class of cases the common law rule that exempted the employer from responsibility for the negligence of a fellow employé of the plaintiff." The *Second Employers' Liability Cases,* 223 U. S. 1, 49, declared that "the rule that the negligence of one employé resulting in injury to another was not to be attributed to their common employer, is displaced by a rule imposing upon the employer responsibility for such an injury, as was done at common law when the injured person was not an employé." And in *Chicago, Rock Island & Pacific Ry. Co.* v. *Ward,* 252 U. S. 18, we said: "The Federal Employers' Liability Act places a co-employee's negligence, when it is the ground of the action, in the same relation as that of the employer upon the matter of assumption of risk." See *New York Central & Hudson River R. R. Co.* v. *Carr,* 238 U. S. 260; *Chesapeake & Ohio Ry. Co.* v. *DeAtley,* 241 U. S. 310, 313.

In actions under the Federal Act the doctrine of assumption of risk certainly has no application when the negligence of a fellow servant which the injured party could not have foreseen or expected is the sole, direct and immediate cause of the injury. To hold otherwise would conflict with the declaration of Congress that every common carrier by railroad while engaging in interstate commerce shall be liable to the personal representative of any employee killed while employed therein when death results from the negligence of any of the officers, agents or employees of such carriers.

For the reasons indicated, the judgment of the court below must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*