[No. 20945. Department Two. April 2, 1928.]

OGIE RASMUSSEN, *Respondent*, v. TWIN HARBOR STEVE-
DORING & TUG COMPANY, *Appellant*.[1]

[1] MASTER AND SERVANT (20-2, 76, 77)—FEDERAL LIABILITY ACT—
WARNING AND SIGNALS — VICE-PRINCIPALS. Under the Federal
liability act, the foreman of a stevedoring crew, superintending
the loading of freight, does not assume the risk of negligence of
the hatch tender, in failing to give warning of a dangerous load
being lowered into the hold.

Appeal from a judgment of the superior court for
Grays Harbor county, Campbell, J., entered May 6,
1927, upon the verdict of a jury in favor of the plain-
tiff, in an action for personal injuries sustained by a
foreman in loading a vessel. Affirmed.

*W. H. Abel* and *W. A. Ackerman*, for appellant.

*G. F. Vanderveer* and *L. B. Sulgrove*, for respondent.

MAIN, J.—This action was brought to recover dam-
ages for personal injuries. It was brought under the
Federal employers' liability act which by the merchant
marine act was made applicable to seamen. The cause
was tried to the court and a jury and resulted in a
verdict in favor of the plaintiff in the sum of $5,000.
Motions for judgment notwithstanding the verdict and
for a new trial were interposed, both of which were
overruled. Judgment was entered upon the verdict,
from which the defendant appeals.

The accident happened March 3, 1926. At this time
the ship Milan Maru was being loaded in the harbor at
Olympia with what is called flitches, which are heavy
planks four by twelve inches and ten to twenty feet
long. One Morris Davis was in general charge and is
referred to as the supercargo. The respondent was

[1]Reported in 265 Pac. 1085.

the foreman. His duties were to keep time, hire the men and look after the ship getting loaded. One L. Doyle was hatch tender. The flitches were being loaded to the boat from a scow at the side thereof. At the time of the accident, the respondent had been sent into the hold of the vessel, five or ten minutes before he was injured, by the supercargo to get the names of certain men who were employed therein, so that they could be paid off as their services were not longer needed. While he was doing this, a sling load of the flitches was lifted from the scow and was lowered upon the deck, in order that the hatch tender might readjust the sling so that the load would carry more evenly. This load consisted of three tiers of flitches, each about three and one-half or four feet high, with a plank, or flitch, on top which was not a part of any of the three tiers. As the load came on the deck, this plank was being held by the sling. After the adjustment, the loose plank was not held in place by the sling, and as the load was being lowered into the hold one end thereof struck the hatch coaming, which caused it to tip and the loose plank on top slid from the load, struck in the hold of the vessel and slid in the direction of where the respondent was standing, striking his right foot and injuring it seriously. The load being sent down with the loose plank on top is what is called, in the evidence, a bad or dangerous load, and there was a special duty upon the hatch tender, when such a load was being lowered, to give special warning to the men in the hold of the vessel. In this case, there was evidence that a warning was given, but there is no evidence that the men in the hold were advised that a bad load was coming or that they were given special warning by reason of that fact.

[1] The first question is, whether the respondent assumed the risk of the negligence of the hatch tender

in sending down the load with the loose plank on top thereof without giving a special warning. In *Seaboard Air Line R. v. Horton*, 233 U. S. 492, it was held that the Federal employers' liability act did not take away the common law defense of assumption of risk, except in so far as the act so provided. That case, together with others, was later considered in the case of *Reed v. Director General of Railroads*, 258 U. S. 92, where, after reviewing the cases, it was said:

"In actions under the Federal act the doctrine of assumption of risk certainly has no application when the negligence of a fellow servant which the injured party could not have foreseen or expected is the sole, direct and immediate cause of the injury. To hold otherwise would conflict with the declaration of Congress that every common carrier by railroad while engaging in interstate commerce shall be liable to the personal representative of any employee killed while employed therein when death results from the negligence of any of the officers, agents or employees of such carriers."

It thus appears that the respondent in the present case cannot be said, as a matter of law, to have assumed the risk, unless the negligence of the hatch tender in failing to give special warning should have been foreseen or expected by him.

This then brings us to the question whether the negligence of the hatch tender in failing to give the warning was assumed. In *Lehigh Valley R. Co. v. Doktor*, 290 Fed. 760, it was held that the injured person did not assume the negligence of one failing to give a proper warning. It was there said:

"Yet, if the circumstances, as under the evidence in this case, include the opportunity and the corresponding duty of the employer to give warning, and if he fail in the performance of that duty, the employe does not assume the risks arising from the employer's negligence."

Under the evidence in this case, it cannot be held as a matter of law that the hatch tender was not negligent when he sent down the bad load without giving a special warning. This was negligence which the respondent could not have foreseen or expected and, as stated, was not assumed. The appellant cites many cases which discuss the common law doctrine of assumption of risk. We do not wish to be understood as passing over these lightly. It would, however, serve no useful purpose to review them, since the case must be determined by the Federal employers' liability act as construed by the United States supreme court in the case of *Reed v. Director General of Railroads, supra.*

The appellant further claims that the trial court erred in certain of the instructions given to the jury as well as in the refusal to give certain requested instructions. The instructions given properly submitted the case to the jury, and the requested instructions which were not given, in so far as it would have been proper to give them, were sufficiently covered by the instructions given.

The judgment will be affirmed.

MACKINTOSH, C. J., HOLCOMB, ASKREN, and FULLERTON, JJ., concur.