[No. 21172.  *En Banc.*  May 27, 1929.]

GUSTAV RANSTROM, *Respondent*, v. INTERNATIONAL STEVEDORING COMPANY, *Appellant.*[1]

*Stephen V. Carey,* for appellant.

*Vanderveer & Levinson,* for respondent.

*Lane Summers, Huffer, Hayden, Merritt, Summers & Bucey, Wm. Martin* and *J. O. Davies, amici curiae.*

FRENCH, J.—The respondent sought to recover damages for personal injuries sustained by him while working as a stevedore.  The action was brought under

[1]Reported in 277 Pac. 992.

the provisions of the Federal employer's liability act, which provides in part that defendant is

" . . . liable in damages to any person suffering injury . . . in whole or in part from the negligence of any of its officers, agents or employees." Barnes Federal Code, § 8069.

In November, 1925, the steamship "Queensmore," a British ship, was being loaded with wheat in the city of Seattle. The loading of the bulk wheat in the lower hold had been completed and, about eleven o'clock p. m., there remained some six hundred sacks of sacked wheat to be loaded at No. 5 hatch. The hatch covers had been placed on top of the pile of bulk wheat to form a platform, and, by means of slings, the sacked wheat was lowered onto the platform thus provided, and the sacks were carried by the stevedores to the place of stowage.

The stevedoring crew was divided into two gangs, one working on the inshore, and the other on the offshore side. The respondent was working on the inshore side, and one Harry Peppmoeller was also a member of the inshore gang, and was known as the "sack turner." Peppmoeller was placed on the landing table or platform, and it was his duty to receive the sling loads of sacks from above, and then, as the men passed along, each man would take hold of the ears of the sack of wheat and Peppmoeller would lift the sack and place it upon his shoulder. The sacks of wheat averaged 135 pounds in weight, and, because of the number of men passing along the line to carry the wheat to its place of stowage, the sack turner was compelled to work rapidly. After having carried some fifteen or twenty sacks of wheat, respondent received the injury complained of. The accident happened about as follows:

Respondent had taken hold of the ears of a sack, and Peppmoeller lifted it to place it upon his shoulder. For some reason, the sack was not lifted high enough, or the side motion took place a fraction of a second too soon, so that the sack, instead of landing squarely on respondent's shoulder, struck the side of the shoulder, and, as respondent testified,

" . . . when the sack landed on the shoulder, there was a snap in it and, at the same time, my shoulder went on the bum."

The sack of wheat was dropped, and, according to the testimony of certain physicians, the arm and shoulder are weak and painful, the condition is permanent, and incurable; the deltoid muscle, or heavy muscle over the shoulder is atrophied, and appellant's medical witness testified that, "I doubt whether he will ever be able to do very much heavy work now."

The principal question raised by appellant is that the case is not controlled by the Merchant Seamen Act (chap. 250, 41 U. S. Stat. at Large), § 20 of which was amended by the Jones Act, because the plaintiff was injured while working aboard a British vessel. The authorities from other jurisdictions seem to be somewhat divided on this question, and, at the time this appeal was taken, the question had not been decided in this state, but this court is now committed to the doctrine that, in cases such as we have here, the act applies. *McGinn v. North Coast Stevedoring Co.,* 149 Wash. 1, 270 Pac. 113.

Complaint is made that the court instructed the jury that the employee does not assume the risk arising from the negligent act of another employee. We think this instruction is correct as applied to the facts in this case. *Rasmussen v. Twin Harbor Stevedoring Co.,* 147 Wash. 260, 265 Pac. 1085. A different rule might apply if the negligence of the fellow serv-

ant was open and apparent, and, with knowledge of such continuing negligence, the respondent had continued to work; but we have no such situation here.

All other questions raised by appellant go to the sufficiency of the evidence, but in this case the evidence is clear that the usual side motion of the sack turner that is necessary to place the sack of wheat on respondent's shoulder took place a fraction of a second too soon, so that the sack of wheat struck the respondent on the side of the shoulder instead of landing squarely as intended. It was the duty of the sack turner to lift the sack sufficiently high, so that it would land squarely on the shoulder, and not give the side motion to the sack until it was sufficiently high. Failure to do this was the negligence complained of, and, by its verdict, the jury found that this was the proximate cause of the injury, and that the evidence established negligence. This was a question of fact fairly submitted to the jury, and we can not say as a matter of law that the evidence does not warrant this conclusion.

Judgment affirmed.

MILLARD, FULLERTON, PARKER, MAIN, and HOLCOMB, JJ., concur.

TOLMAN, J. (dissenting)—As I see the facts the evidence was insufficient to take the case to the jury. I therefore dissent.