John Williams, Appellee, v. Southern Railway Company, Appellant.

Opinion filed June 5, 1929.

KRAMER, KRAMER & CAMPBELL and R. E. COSTELLO, for appellant.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

Appellee, John Williams, sued the Southern Railway Company, a corporation, appellant, in an action on the case in the city court of East St. Louis to recover damages for personal injury. The declaration alleged that appellee was employed by appellant as a section hand on one of the main lines of its railroad track, which extends through a part of the City of East St. Louis, through the States of Illinois, Indiana, and other States in the Union; that on May 2, 1928, the day on which appellee received his injury, appellee was engaged in interstate commerce as a common carrier by railroad through various named States in the Union, including Illinois.

The declaration further alleges that while appellee was so engaged in interstate commerce, appellant, by one of its agents, servants, and employees, to wit, another section hand, carelessly, negligently, and improperly struck a heavy blow, with what is commonly called a spike maul, upon certain rocks, gravel, cinders and chat, which were lying just beneath the face and eyes of the plaintiff, while he was so at work and in the exercise of due care and caution for his own safety, as such section hand upon appellant's said interstate track; that, as a result of appellant, by its said servant and agent aforesaid, so striking said rocks, gravel, cinders and chat, they were knocked and thrown upon

and against appellee's face and into his eyes, and, as a result of said rocks, gravel, cinders and chat striking appellee in his eyes, appellee's left eye was so badly bruised, injured, cut and contused as to destroy the sight of the same.

The declaration further alleged that appellant, by and through the exercise of ordinary care on the part of its servant, agent and employee using said spike maul, knew, or could have known, that, on account of the plaintiff being so close to the place where said agent of appellant was about to strike with said spike maul, if he, the said servant and agent of the appellant, struck such rocks, gravel, cinders and chat, the same would be knocked and thrown against appellee's face and eyes. Appellee further alleges that he did not know and had no means of knowing, by the exercise of ordinary care, in time to protect his face and eyes from such flying rocks, gravel, cinders and chat, that said appellant, by its said agent and servant, was about to strike said rocks, gravel, cinders and chat with said spike maul.

The declaration further alleges that appellee's left eye was permanently injured, and that, as a result of the injury to his said left eye, the sight of his right has been impaired.

To this declaration a plea of not guilty was filed by appellant, and, after a hearing before a jury, there was a verdict in favor of appellee in the sum of $2,500, upon which judgment was entered after a motion for a new trial had been made and overruled.

Proof showed that appellant, at the time in question, was engaged in the business of interstate common carrier by railroad, its main line extending through St. Clair county, Illinois; that appellee was employed by appellant as a track man or section man, and that he, with other men of the section gang, was working on the railroad tracks of appellant spacing and tamp-

ing ties; that appellee was working with a man by the name of Verser; that two other employees of the gang were working together placing ties, and that one of these other employees, named Wood, just immediately before appellee was injured, was about two or three feet away when he struck a blow with the spike maul upon some rocks and cinders, within two or three feet of where appellee was holding a crowbar in the act of raising one of the ties. Appellee testified that, immediately after he heard the maul used by Verser strike the rock, something struck him in the left eye; that Verser was working nearest to him at the time; that soon after the accident other employees noticed appellee wiping water away from his eye with a handkerchief; that appellee was bending over at the time he was injured, and did not know that Verser was about to strike the rock; that appellee worked the rest of the day after the injury, which occurred about 2 o'clock in the afternoon. About five days later he was examined by two doctors.

Appellee further testified that he had been unable to see out of his left eye since the 15th of May, 1928. Testimony was offered on the part of appellee by an eye specialist that appellee's left eye was injured, and that he had a loss of about 90 per cent vision in his left eye, and that, by reason of the injury to the left eye, the sight of the right eye was impaired.

Testimony was offered on the part of appellant to the effect that appellee had told several witnesses that dust had blown in his eyes, and there was further testimony offered on the part of appellant's medical witness to the effect that the condition of appellee's eyes was due to a constitutional condition in his nose, and was not occasioned by any injury to his left eye.

Appellant contends that the evidence shows that appellee did not receive the injury for which he is suing in the manner in which he claims to have re-

ceived the same, and that his condition was not caused by any injury that he had received, but is caused by a constitutional disorder in appellant's nose. It is further contended that there was no evidence that appellant was guilty of negligence, and it is argued that appellee assumed the risk incident to his employment.

It is also argued that the court erred in overruling appellant's peremptory instruction offered at the close of appellee's evidence and again at the close of all of the evidence, and that the trial court erred in giving to the jury certain instructions offered by appellee.

The court, at the request of appellee, gave the following instruction to the jury:

"The Court instructs the jury that if you believe that the plaintiff has proven by a preponderance of the evidence in this case that on the date of his alleged injury the defendant was engaged in interstate commerce as a common carrier by railroad between various states in the Union, to wit: Illinois, Indiana, Kentucky, Tennessee, Virginia, West Virginia, Maryland and other states; and if you further believe from a preponderance of the evidence that the plaintiff was employed in interstate commerce by the defendant on the date of the alleged accident, and if you further believe from a preponderance of the evidence that the plaintiff on said date was injured as a direct and proximate result of another employe's striking certain rocks, gravel, cinders and chat with a spike maul, as alleged in the plaintiff's declaration, then the plaintiff is entitled to a verdict in this case, provided, further, you believe from a preponderance of the evidence that the plaintiff himself was in the exercise of due care and caution at and immediately prior to the accident."

This instruction was erroneous inasmuch as it undertook to state the necessary grounds for recovery, and omitted altogether the question of defendant's negli-

gence. (See *Swiercz v. Illinois Steel Co.*, 231 Ill. 456.) From this instruction the jury would undoubtedly be led to believe, in the language of the instruction, that, if appellee was injured as a result of another employee striking certain rocks, gravel, cinders and chat with a spike maul, then plaintiff was entitled to recover. This instruction overlooks and leaves out the necessary ingredient or fact that it must be shown that the employee was negligent, and that his negligence was a proximate cause of appellee's injury.

There was no other instruction offered by either appellant or appellee which required the jury to find that the injuries suffered by appellee were due to the negligence of appellee's coemployee. The evidence in the record is close and conflicting on the question of appellant's liability, and, in our opinion, the giving of this instruction was reversible error—particularly so, in view of the fact that no other instructions were given which enlightened the jury as to what was necessary to be proved as to appellant's negligence before there could be a recovery.

Counsel for appellee contend that the use of the words "as alleged in plaintiff's declaration" was sufficient to refer the jury to the allegation in the declaration that the coemployee's striking of certain rocks, gravel, cinders and chat with a spike maul was negligently occasioned. There is nothing in the record to show that the jury had any knowledge of the allegation in the declaration, and we do not think that the use of these words in the instruction cures the defect in the same, which would allow a recovery without proof of negligence on the part of the coemployees, which was the proximate cause of the injury.

Appellant contends that appellee cannot recover, in any event, in this case on the ground that appellee assumed the risks incident to the negligence of his coemployee.

In *Reed v. Director General of Railroads,* 258 U. S. 92, 95, 66 L. Ed. 480, at page 482, it was held as follows:

"In actions under the Federal act, the doctrine of assumption of risk certainly has no application when the negligence of a fellow servant, which the injured party could not have foreseen or expected, is the sole, direct and immediate cause of the injury. To hold otherwise would conflict with the declaration of Congress that every common carrier by railroad, while engaging in interstate commerce, shall be liable to the personal representative of any employee killed while employed therein, when death results from the negligence of any officers, agents or employees of such carriers."

In the case of *Pennsylvania R. Co. v. Gavin,* 234 Ill. App. 28, this court held that an employee, under the Federal Employers' Liability Act, Cahill's St. ch. 114, ¶ 321 *et seq.,* does not assume the risk of negligence from fellow employees, with certain exceptions that do not apply to the facts in this case.

In view of the fact that this cause is remanded for another trial, we deem it unnecessary to discuss any further evidence appearing in the record.

For the reasons aforesaid, the judgment of the city court of East St. Louis is reversed and the cause remanded.

*Reversed and remanded.*