## John Williams, Appellee, v. Southern Railway Company, Appellant.

Heard in this court at the February term, 1930. Opinion filed May 21, 1930.

KRAMER, KRAMER & CAMPBELL and R. E. COSTELLO, for appellant.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This case was heard before this court at the February Term, 1929, and the judgment was reversed and cause remanded on account of an erroneous instruction given by the plaintiff in the court below. After the cause was remanded the case was again heard before a jury and verdict found against appellant for $3,200, upon which judgment was entered and appellant prosecutes this appeal.

On the second trial the case was heard upon the same pleadings, except that appellee was allowed to amend by increasing the *ad damnum*. Substantially the same facts were adduced by the respective parties at the second trial as are stated in *Williams v. Southern Ry. Co.*, 253 Ill. App. 437, and we do not deem it necessary to here restate such facts and the same are adopted for this opinion.

Counsel for appellant contends that if appellee was injured as claimed by him the injury was occasioned from a risk which he assumed in his employment.

The declaration charged that the injury was due to the negligence of a fellow servant. In *Reed v. Director General of Railroads*, 258 U. S. 92-95, 66 L. Ed. 480, at page 482, it was held as follows:

"In actions under the Federal Act, the doctrine of assumption of risk certainly has no application when the negligence of a fellow servant, which the injured party could not have foreseen or expected, is the sole, direct and immediate cause of the injury. To hold otherwise would conflict with the declaration of Congress that every common carrier by railroad, while engaged in interstate commerce, shall be liable to the

personal representative of any employee killed while employed therein, when death results from the negligence of any of the officers, agents or employees of such carriers.''

In the case of *Pennsylvania R. Co. v. Gavin,* 234 Ill. App. 28, this court held that an employee, under the Federal Employers' Liability Act, does not assume the risk of negligence from fellow employees, with certain exceptions that do not apply to the facts in this case.

The testimony on behalf of appellee as to how the accident happened is that appellee was working in a bent over position, holding a nipping bar, in the act of raising a railroad tie; that a fellow employee was also working about three feet away and while endeavoring to strike another tie in order to move it, missed the tie with his maul and struck some loose rock, which glanced and evidently struck appellee in the face causing an injury to his eye.

Whether the act of the fellow employee of appellee was merely accidental or was, under all the circumstances, negligence in view of the respective positions of the workmen was a question of fact for the jury and we are unable to say that the verdict in this respect is manifestly against the weight of the evidence. Where the same question has been submitted to two juries and found adversely to appellant's contention, ordinarily the verdict will not be disturbed. *Meier v. Cleveland, C. C. & St. L. Ry. Co.,* 206 Ill. App. 285.

Counsel also contends that the trial court erred in not directing a verdict for appellant, claiming that the evidence shows that appellee did not receive his injury in the manner testified to by him, and secondly that his present injury is due to a constitutional disorder of his nose.

If there is in the record any evidence from which, if it stood alone, the jury could, without acting unreasonably in the eyes of the law, find that the material

averments of the declaration have been proved, a verdict should not be directed. *Devine v. Delano,* 272 Ill. 166.

The law is well settled that on a motion to direct a verdict for the defendant if the condition of the evidence at the close of plaintiff's case does not justify an instruction for the defendant, no evidence introduced by the defendant will justify such instruction except where there is uncontradicted evidence of an affirmative defense. *Shannon v. Nightingale,* 321 Ill. 168. In view of the conflict in the evidence we are of the opinion that the court did not err in refusing to direct a verdict.

Counsel urge that the trial court erred in giving appellee's first instruction. This instruction was approved by the Supreme Court in *Devine v. Chicago R. I. & P. Ry. Co.,* 266 Ill. 248. Complaint is also made as to appellee's tenth instruction, but in view of the principles of law announced in *Gila Valley G. & N. Ry. Co. v. Hall,* 232 U. S. 94, 101, and *Brant v. Chicago & Alton R. Co.,* 294 Ill. 606, to the effect that an employee under the Federal Liability Act is not obliged to exercise care to discover danger which resulted from the employer's negligence, we are of the opinion that said instruction was not erroneous.

Complaint is also made of the court's rulings on evidence offered by appellant and refused, but we do not consider that such rulings were sufficient to constitute reversible error.

For the reasons aforesaid the judgment of the court below is affirmed.

*Affirmed.*