No. 29,437.

WILLIAM C. BLEVINS, *Appellee*, v. THE UNION PACIFIC RAILROAD COMPANY, *Appellant*.

(293 Pac. 519.)

Opinion filed December 6, 1930.

*T. M. Lillard, Bruce Hurd, O. B. Eidson,* all of Topeka, and *A. L. Berger,* of Kansas City, for the appellant.

*Joseph Cohen,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In an action under the federal employers' liability act the plaintiff recovered a judgment for $1,500 damages for an injury to his eye caused by a hot cinder falling into it while he was working for the defendant, who appeals.

The negligence charged was that the engineer had suddenly opened the throttle wide to start the engine, which caused a large quantity of hot cinders to be emitted therefrom.

The evidence tended to show that the plaintiff was a fireman on one of the switch engines of the defendant in its switching yard in Kansas City; that the engine on which the plaintiff was working was then being used in the transportation of interstate commerce; that the engineer in starting the engine opened wide the throttle, which caused a heavy discharge of sparks, one of which fell into the plaintiff's eye and injured it; that fine coal was then being used on the engine, which coal caused a larger amount of sparks to be discharged than would have been had the engine been fired with lump coal; that the engineer had opened the throttle wide because he was angry at the failure of a brakeman to effect a coupling of cars which were being moved by the engine; and that it was not a proper operation of an engine to open the throttle wide on starting it to move a string of cars attached to it.

1. The defendant moved for judgment on the answers by the jury to special questions. That motion was denied. Complaint is made of that ruling.

The special questions and the answers thereto were as follows:

"1. What does the evidence show to have been the size of the cinder which caused the injury to plaintiff's eye? A. Large enough to see with the naked eye.

"2. Does not the evidence show that cinders as large as the one which lodged in plaintiff's eye are frequently discharged by locomotive engines? A. Yes.

"3. Does not the evidence show that quantities of small cinders are frequently discharged in the normal and usual operation of starting or rapidly increasing the speed of locomotive engines? A. Yes.

"4. Did not the plaintiff know and appreciate the fact that the danger of cinders lodging in the eyes of persons employed in or about railroad yards was one of the normal and usual hazards incident to that kind of employment? A. He knew, but did not appreciate it."

The defendant argues that the plaintiff assumed the risk of the

injury sustained by him. This being an action under the federal employers' liability act, assumption of risk is a defense.

We quote from *Chicago, R. I. & P. Ry. Co. v. Ward*, 252 U. S. 18, 21, as follows:

"As to the nature of the risk assumed by an employee in actions brought under the employers' liability act, we took occasion to say in *Chesapeake & Ohio Ry. Co. v. DeAtley*, 241 U. S. 310, 315: 'According to our decisions, the settled rule is, not that it is the duty of an employee to exercise care to discover extraordinary dangers that may arise from the negligence of the employer or of those for whose conduct the employer is responsible, but that the employee may assume that the employer or his agents have exercised proper care with respect to his safety until notified to the contrary, unless the want of care and the danger arising from it are so obvious that an ordinarily careful person, under the circumstances, would observe and appreciate them.' The federal employers' liability act places a coemployee's negligence, when it is the ground of the action, in the same relation as that of the employer upon the matter of assumption of risk. 241 U. S. 313. (See, also, *Chesapeake & Ohio Ry. v. Proffitt*, 241 U. S. 462, 468; *Erie R. R. Co. v. Purucker*, 244 U. S. 320.)"

We also quote from *Reed v. Director General*, 258 U. S. 92, 95:

"In actions under the federal act the doctrine of assumption of risk certainly has no application when the negligence of a fellow servant which the injured party could not have foreseen or expected is the sole, direct and immediate cause of the injury."

See, also, 2 Roberts Federal Liabilities of Carriers, 2d ed., § 833.

These authorities prevent this court from saying as a matter of law that the plaintiff assumed the risk of injury caused by cinders falling into his eye under the circumstances disclosed by the evidence and as found by the jury.

2. The defendant argues that there was no evidence to show negligence on its part. Under the evidence, as outlined, this court cannot say that the defendant was not guilty of negligence. That was a problem for the jury to solve. Under the authorities cited the negligence of the engineer was the negligence of the defendant.

3. The defendant argues that the verdict of the jury was excessive. This necessitates an examination of the evidence to show the extent of the plaintiff's injury. There was evidence which tended to prove that the cinder, although a small one, was hot when it fell into the plaintiff's eye; that the cinder burned the eye; that the cinder was removed the next day by a physician; that conjunctivitis and iritis resulted; that he was unable to work for a month; that the injury was painful; that his eyesight was thereby

rendered defective; that as a result of the injury the plaintiff lost his job with the defendant; that at the time of the trial he· was earning $70 a month; and that while working for the defendant he earned $200 a month. The court cannot say that the verdict was excessive.

The judgment is affirmed.