No. 29,437.

WILLIAM C. BLEVINS, *Appellee*, v. UNION PACIFIC RAILROAD COMPANY, *Appellant*.

(299 Pac. 593.)

Opinion on rehearing filed June 6, 1931. (For original opinion of affirmance see 131 Kan. 682, 293 Pac. 519.)

*T. M. Lillard, Bruce Hurd, O. B. Eidson,* all of Topeka, and *A. L. Berger,* of Kansas City, for the appellant.

*Joseph Cohen,* of Kansas City, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This case was decided by the court at the December, 1930, term. (*Blevins v. Union Pac. Rld. Co.*, 131 Kan. 682, 293 Pac. 519.) A petition for rehearing was granted, and additional briefs have been filed by both parties. The question argued on rehearing is that of assumption of risk.

It is necessary to reëxamine the testimony of the plaintiff in relation to this question. The evidence tends to show that the plaintiff was a fireman on a switch engine in defendant's yards in Kansas City; that the engine was in transportation of interstate commerce; that the engineer, after effecting a coupling to several cattle cars, opened the throttle to its full capacity, causing a severe exhaust, which threw out of the smokestack a large volume of hot cinders; that immediately prior to the opening of the throttle the plaintiff had coaled the engine with fine coal or slack and taken his position in the engine cab, when he saw the engineer open the throttle to its full capacity. It was his duty to look ahead to see if there were any other engines coming across the viaduct. This was accomplished by putting his head outside of the cab window. The fireman had been in the yards for about a year and had been a fireman on a switch engine for three or four months. He knew that an engine threw sparks or cinders out of the smokestack; that there was a greater quantity of sparks or cinders when fine coal or slack was used; that the sudden starting of the engine would cause an exhaust, which would in turn force large volumes of cinders out of the smokestack, and that cinders were likely to fall in the eyes when one has his head outside of the cab. The jury made special findings of fact which are set out in the former opinion.

It is conceded by the parties to this action that the case is controlled by the federal employers' liability act. The interpretation of the act by the federal courts of last resort is binding on this court. There is little or no dispute between the parties as to the rule of law. The difficulty is in the proper application of the law to the facts in the case. The appellant earnestly contends that under the evidence the plaintiff assumed the risk, as a matter of law.

The rule applicable to this case is well stated in 2 Roberts Federal Liabilities of Carriers, 2d ed., § 833, as follows:

"He does not ordinarily assume the negligent act of a fellow servant; but if he becomes aware of the risk and danger arising therefrom and continues

in the employment, or if the risk and danger arising therefrom are so obvious that an ordinarily prudent person under the same circumstances would have observed the one and appreciated the other, then an employee assumes the risk arising from the negligent act of a coemployee under the national statute."

The author deducts this rule from a collation of the authorities on the subject.

In dealing with negligence as applied under the statute to fellow employees the courts appear to have made a general division of negligent acts creating a danger not assumed by the employee, and negligent acts assumed by an employee in the course of his employment.

The negligent acts of employer or coemployee that are sudden and of which the employee has no notice or knowledge creating a danger which cannot be foreseen are not assumed.

In *Chicago, R. I & P. Ry. Co. v. Ward*, 252 U. S. 18, the plaintiff, while engaged in his duty as a switchman, was thrown from the top of a car upon which he was about to apply the brake, through the negligence of the engineer. The court said:

"It was a sudden emergency, brought about by the negligent operation of that particular cut of cars, and not a condition of danger, resulting from the master's or his representatives' negligence, so obvious that an ordinarily prudent person in the situation in which Ward was placed had opportunity to know and appreciate it, and thereby assume the risk." (p. 22.)

In *Reed v. Director General*, 258 U. S. 92, an employee was riding on a caboose which was being pushed by an engine. The employee was killed, due to the negligence of the engineer in failing to stop upon his signal. The court said:

"In actions under the federal act the doctrine of assumption of risk certainly has no application when the negligence of a fellow servant which the injured party could not have foreseen or expected is the sole, direct and immediate cause of the injury." (p. 95.)

Where the employee has full knowledge of the negligence and appreciates the danger arising therefrom, he assumes the risk, if he continues in the employment.

"And, except as provided in § 4 of the act, the employee assumes the ordinary risks of his employment; and, when obvious or fully known and appreciated, he assumes the extraordinary risks and those due to negligence of his employer and fellow employees. (*Seaboard Air Line v. Horton*, 233 U. S. 492, 501; *St. Louis, etc., Ry. v. Mills*, 271 U. S. 344; *Northern Ry. Co. v. Page*, 274 U. S. 65, 75.)" (*Delaware, &c., R. R. v. Koske*, 279 U. S. 7, 11.)

Negligence of which the employee has knowledge readily yields

to a division, where the employee must have time and opportunity to appreciate the danger, and where the risk is so obvious that he is charged with appreciation.

The employee's knowledge of the source of peril does not bar a recovery unless it is shown that he appreciated the danger arising therefrom, and this is usually a question of fact for the jury, under proper instructions.

In *Ches. & Ohio Ry. v. De Atley*, 241 U. S. 310, the plaintiff, a head brakeman of many years' experience, was waiting on the platform of the station where he had gone in the performance of his duty. He attempted to board his train, but due to its unusual speed his foot slipped and he was injured. The company invoked the defense of assumption of risk on the ground that the risk was an ordinary and usual risk and that if it could be considered an extraordinary danger it was obvious and fully known and appreciated. The court said:

"If the jury should find, as in fact they did find, that the speed of the train was unduly great, so that the risk of boarding the engine was an extraordinary risk, the question whether plaintiff assumed it then depended upon whether he was aware that the speed was excessive and appreciated the extraordinary danger, or, if not, then upon whether the undue speed and the consequent danger to him were so obvious that an ordinarily prudent person in his situation would have realized and appreciated them. The [circuit] court of appeals reasoned . . . that as a matter of common knowledge, one standing in that position cannot form an accurate judgment of its speed until it comes quite near to him; . . . and that 'all the circumstances tend to show that knowledge of the speed of the train came to him so suddenly and unexpectedly that he did not have an opportunity to realize and appreciate the danger of getting on.' Conceding the force of the reasoning, we are bound to say that, in our opinion, it cannot be said, as matter of law, to be so incontrovertible that reasonable minds might not differ about the conclusion that should be reached." (pp. 317, 318.)

Where, however, the consequent danger arising from the negligent act was obvious and so patent as to be readily understood by an ordinarily prudent person, the employee cannot be heard to say that he did not realize or appreciate it and he is charged as a matter of law with the assumption of the risk.

In *Jacobs v. Southern R. R. Co.*, 241 U. S. 229, the court said:

"An experienced employee, admittedly knowing the material conditions and presence of a pile of cinders who attempts to board a moving engine with a vessel of water in his hand, must be considered as appreciating the danger and assuming the risk although at the time he may have forgotten the ex-

istence of the cinders; and this is so even if the employer was negligent in allowing the cinders to remain. There being no violation of any safety statute, the common-law defense of assumption of risk is not eliminated in such a case by the employers' liability act." (Syl. ¶ 2.)

In *Briggs v. Railroad Co.*, 102 Kan. 441, 175 Pac. 105, this court, after a review of the federal authorities, held:

"The engineer of a freight train started the train on an interstate journey while the fireman was in a lunch room eating a lunch. The fireman came out of the lunch room, and seeing the train in motion, climbed on top of a car to go forward to his place in the engine cab. While going forward over the car tops he stumbled and fell between cars and was killed. He was an experienced and competent fireman, and knew, or should have perceived, the dangers which he would normally and necessarily encounter in passing over the train. *Held,* under the federal employers' liability act he assumed the risk." (Syl.)

The sole question in the case, as now presented, is whether the negligence established by the evidence is of such character that knowledge thereof charges the employee with an appreciation of the danger arising therefrom. Knowledge of the negligence is admitted. In fact, the plaintiff is the only person who observed it. He also admitted that he knew the consequences that would follow from the pulling of the throttle to its full capacity. He testified:

"Q. 'However, I realize that the slack must be used in some way or another. While using lump coal would not prevent sparks altogether, it would cut them down quite a bit, and there would not be near the danger of an injury of this kind.' Is that right? A. Yes, sir. . . .

"Q. (Interrupting.) Didn't you know that for six months when you were working there? A. Yes, sir. . . .

"Q. And that is whenever the throttle is open, isn't it? Sometimes more cinders and sometimes less? A. The harder you pull that throttle open the larger chug it makes.

"Q. And you knew that? A. Sure.

"Q. And you knew the more you pull the throttle open the harder the exhaust would throw out cinders? A. Yes, sir. . . .

"Q. . . you knew that would throw out more cinders, and notwithstanding that you stuck your head out of the window? A. Yes, sir; I stuck my head out of the window."

The jury found in answer to special questions that the plaintiff knew of the danger of cinders lodging in the eyes of persons employed in or about railroad yards and that it was one of the normal and usual hazards incident to that kind of employment, but that he did not appreciate it.

The plaintiff was an experienced fireman and had been working

on this particular job for about four months. We must assume that he was a man of ordinary intelligence and would therefore be expected to know and appreciate the things that are obvious to the ordinary apprehension. His own statements clearly indicate that he comprehended the nature and degree of the danger arising from the opening of the throttle and that he voluntarily put his head out of the cab window knowing that he was likely to get a cinder in his eye. He assumed the risk and must abide the consequence.

In *Butler v. Frazee*, 211 U. S. 459, 466, the court said:

"But where the conditions are constant and of long standing, and the danger is one that is suggested by the common knowledge which all possess, and both the conditions and the dangers are obvious to the common understanding, and the employee is of full age, intelligence and adequate experience, and all these elements of the problem appear without contradiction from the plaintiff's own evidence, the question becomes one of law for the decision of the court. Upon such a state of the evidence a verdict for the plaintiff cannot be sustained, and it is the duty of the judge presiding at the trial to instruct the jury accordingly."

Taking into consideration the admitted facts in the case, including the knowledge and experience of the plaintiff, the finding of the jury that "he knew [the danger] but did not appreciate it," is inconsistent. Appreciation of a danger readily understood by an experienced employee does not mean more than actual knowledge.

The evidence and findings of the jury presented a question of law for the decision of the court, and the trial court erred in refusing to sustain the motion of the defendant for a judgment in its favor.

The judgment is reversed and remanded with instructions to enter judgment for the defendant.