CINCINNATI, N. O. & T. P. RY. CO. v. FRADY. No. 1.—139 S. W. (2d) 417.

Eastern Section. February 10, 1940.

Petition for Certiorari denied by Supreme Court, April 6, 1940.

39

D. O. Harris and Martin Guthrie, both of Harriman, for plaintiff in error.

J. Ralph Tedder, of Rockwood, for defendant in error.

McAMIS, J. Plaintiff below, M. W. Frady, sustained personal injuries while working as a section hand for the C., N. O. & T. P. Railway Company on June 9, 1938. The present suit to recover under the Federal Employers' Liability Act, 45 U. S. C. A., section 51 et seq., was instituted on April 20, 1939. The jury returned a verdict for $5,000 which was approved by the trial judge and, its motion for a new trial having been overruled, the defendant Railway Company has appealed in error to this court and, by the assignments here filed, insists that there is no proof of negligence on the part of defendant, that plaintiff assumed the risk out of which his injuries arose and, finally, that the verdict is excessive.

Plaintiff, when injured, was engaged in unloading cinders and ashes from a "gondola" car on one of defendant's tracks. It appears that the car, approximately 35 feet in length, is so constructed that its contents could be unloaded either from the bottom or side directly between the ties. The two ends slanted toward the center, causing the ballast to slide by gravity toward the center of the car where the two doors in the bottom and side of the car were located.

On the occasion in question, the ballast formed a crust on top with the result that it would not flow through the bottom of the car. The declaration avers that plaintiff's foreman thereupon directed him

to take a long iron bar on top of the car and break the crust. After some unsuccessful attempts to break the crust from a point near the end of the car, plaintiff was ordered to go near the center and attempt at that point to break the crust with the iron bar, and was assured that he could do so safely. When plaintiff reached the center of the car, he struck the crust with said bar and when the crust finally broke plaintiff fell into the bottom of the car and was covered with ballast up to his arms. The declaration specifically avers that while thus buried the train of which said car was a part, without notice or warning to plaintiff, and while he was thus in said perilous position, was carelessly, negligently and unlawfully started or moved forward and the said long bar was in some manner caught on the cross-ties and, plaintiff having hold of same, was struck and jerked violently into and against said bar and was then knocked violently away from the same and against the side of the car and that he was unable to make an escape from the car until the train finally came to a stop.

The insistence that plaintiff assumed the risk appears to be based upon the assumption that he was injured as a result of venturing to walk over the crust knowing the contents of the car had been removed from underneath and that, from his experience, he knew or should have known that in so doing he was placing himself in a position of peril. The proof shows conclusively that plaintiff sustained only minor bruises and ·scratches as a result of the falling in of the crust and that he would not have been seriously injured if the train had remained stationary until he could extricate himself from the ballast.

In making the insistence that there is no material evidence showing that the train moved while plaintiff was in the car, counsel for defendant overlook the positive testimony of plaintiff that the train began to move while he was buried in ballast up to this arms and that he did not escape from the car until the train stopped.

The proof shows that the foreman was on top of the car and saw plaintiff buried in ballast up to his arms. The foreman admits that he gave the signal to the engineer to move ahead and, at another point in his testimony, testified that he did not see plaintiff get out of the car—that "I never paid any attention to him getting out of the car."

We think the act of the foreman in signaling the engineer to proceed knowing plaintiff had fallen through the crust with a heavy iron bar five or six feet in length and was in a position of peril from which he could not escape clearly constituted an act of negligence for which the defendant is liable. An ordinarily careful and prudent person would have anticipated the possibility of some injury resulting to plaintiff. It is true plaintiff knew that it was necessary to move the train in order to distribute the ballast evenly along

the track but he was not required to anticipate that his foreman would allow the train to move forward while he was in a position of peril.

■ Since the enactment of the Federal Employers' Liability Act, the rules as to the assumption of risk by railroad employees engaged in interstate commerce remain as at common law, except in cases where the violation by the carrier of a Federal statute enacted for the safety of employees contributed to the injury or death of the employee. Cincinnati, N. O. & T. P. Railway Co. v. Brown, 158 Tenn., 75, 12 S. W. (2d), 381.

The court cited the general rule of assumption of risk as laid down by the Supreme Court of the United States in the following language:

"According to our decisions, the settled rule is not that it is the duty of an employee to exercise care to discover extraordinary dangers that may arise from the negligence of the employer or of those for whose conduct the employer is responsible, but that the employee may assume that the employer or his agents have exercised proper care with respect to his safety until notified to the contrary, unless the want of care and the danger arising from it are so obvious that an ordinarily careful person, under the circumstances, would observe and appreciate them." Chesapeake & O. R. Co. v. De Atley, 241 U. S., 310, 36 S. Ct., 564, 60 L. Ed., 1016.

"At common law the rule is well settled that a servant assumes extraordinary risks incident to his employment or risks caused by the master's negligence which are obvious or fully known and appreciated by him." Boldt v. Pennsylvania R. Co., 245 U. S., 441, 38 S. Ct., 139, 140, 62 L. Ed. 385.

■ But the Supreme Court of the United States, in Reed v. Director General of Railroads, 258 U. S., 92, 42 S. Ct., 191, 66 L. Ed., 480, held that in actions under the Federal Act the doctrine of assumption of risk has no application when the negligence of a fellow servant which the injured party could not have foreseen or expected is the sole, direct and immediate cause of the injury. See discussion of this holding and that in Cincinnati, N. O. & T. P. Railway Co. v. Brown, supra, in Alabama Great Southern Railway Co. v. Hale, 15 Tenn. App., 369, 378, 379. And see, also, notes at page 481 of Ann. Cas., 1915B and 39 C. J., 674.

■ Applying these principles to the case at bar, we think the court was correct in declining to direct a verdict in defendant's favor upon the theory of assumption of risk or because of the absence of any showing of negligence on the part of defendant. The assignments directed to this action must be overruled.

We find without merit the insistence that the court erred in declining to charge defendant's special request dealing with the assumption of risk in going upon the crust formed by the ballast and that the court's charge on this subject was erroneous. As we have already stated, the breaking in of the crust was not, under any view

of the evidence, the cause of plaintiff's injuries. He was not injured as a result of this mishap and would have escaped any serious injury had not the foreman signaled the engineer to proceed without waiting for plaintiff to have an opportunity of extricating himself.

Affirmed.

Portrum and Ailor, JJ., concur.