**Herschel H. Campbell, Appellee, v. Chicago, Burlington and Quincy Railroad Company, Appellant.**

**Gen. No. 42,491.**

454 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  ▬

▮▮▮▮, Opinion filed June 21, 1943.

MARTIN, ULLMANN & BROWN, of Chicago, and KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellant; S. R. PRINCE and H. G. HEDRICK, of counsel.

LEO. G. HANNA, of Chicago, for appellee; SAMUEL COHEN, of Chicago, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

For the third time this case is before this court on an appeal by defendant from a judgment entered on the verdict of a jury. Twice this court held the verdict was against the manifest weight of the evidence and reversed the judgment for that reason. Twice we held the evidence sufficient to require its submission to a jury by remanding the cause. We are now asked to hold either that the judgment should be reversed as a matter of law, or again for a third time hold the verdict and judgment to be manifestly against the evidence, reverse it and remand the cause for trial. If we reverse and remand for another trial, we think it improbable a different verdict would be returned by a fourth jury. Thirty-six jurors and three judges at *nisi prius,* who saw and heard the witness, have decided plaintiff ought to have a judgment practically for the amount of the present judgment. The parties are entitled to have this litigation end some time and some place. *Stoll v. Gottlieb,* 305 U. S. 165; *Trustees of Schools of Township No. 38 v. City of Chicago,* 308 Ill. App. 391.

Our former opinions are found in 305 Ill. App. 264 and 314 Ill. App. 384.

The physical facts existing at the time when and the circumstances under which plaintiff was injured

are set forth with accuracy and in detail in the first opinion and need not be repeated. The present judgment is for $20,000, the same amount given on the first trial. On the second trial the jury allowed $15,000. As a result of the occurrence plaintiff lost his left hand and a part of his left arm; the left leg was permanently crippled. He suffered much pain. We at no time have been disposed to hold the verdict of any one of the juries excessive.

Plaintiff argues earnestly for the proposition that the third of three similar jury verdicts on a question of fact is final. He cites *Meier v. Cleveland, C., C. & St. L. Ry. Co.*, 206 Ill. App. 285; *Williams v. Southern Ry. Co.*, 258 Ill. App. 34; *Silsbe v. Lucas*, 53 Ill. 479; *Norkevich v. Atchison, T. & S. F. Ry.*, 263 Ill. App. 1; *Hinchliff v. Rudnik*, 212 Ill. 569, 573; *Bates v. Danville St. Ry. & L. Co.*, 190 Ill. App. 486; *Bosomburg v. Birk Bros. Brewing Co.*, 312 Ill. App. 262; *Lamar v. Collins*, 252 Ill. App. 238; *Parmly v. Farrar*, 105 Ill. App. 394; and *Mills & Co. v. Duke*, 232 Ill. App. 277. Defendant undertakes to distinguish these cases and says of some of the ideas expressed in the opinions: ''These notions are of comparatively recent origin; and seem to have arisen concurrently with the decision of the case of *Mirich v. Forschner*, 312 Ill. 343.'' This court is obligated to follow the law as stated by the Supreme Court in that and other cases.

Defendant also says: ''On this, the third appeal, the record shows that exactly the same witnesses testified for the plaintiff as on the second trial, and none other, no new fact was even attempted to be proved. The only difference so far as plaintiff's case is concerned, is an attempt to show why all of plaintiff's witnesses actually saw the train when it was from more than 63.8 feet to 200 feet away from them; to do this he proved that there were lights, in the Illinois Central switchyard to the east of the train, which enabled the four colored witnesses in the house to see it, and lights

up at the Illinois Central station, and in the main part of the City of Centralia, northeast of the train which to use the language of counsel for plaintiff, 'silhouetted this train.' Plaintiff also produced his wife as a witness who testified the doctors procured her consent before operating on her husband. Defendant produced all the witnesses who testified at the second trial, except David Harder, the engineer who had died, whose testimony taken at the second trial was read to the jury at the third trial by agreement; and O. T. Bounds, a police officer who testified on the second trial that he arrived at the scene of the accident just after they put plaintiff in the ambulance, and saw blood on the track north of Fifth street, indicating where the accident occurred. With the exceptions above noted, the evidence at the third trial was almost identical with that of the second trial. There certainly was no other material difference.''

Referring to this statement the brief of plaintiff states: ''We agree with defendant in this regard and that the testimony was practically the same as is contained in the record on the former trials.''

None of the cases cited by plaintiff lay down the precise rule that similar verdicts having been rendered by three juries, this court will not again reverse on the ground that the verdict and judgment are clearly and manifestly contrary to the evidence. True under such circumstances a court would be reluctant to do so. However, we will not undertake to apply to legal rights of parties the rule applicable on the diamond and hold ''three strikes are out.'' The rights of men and women cannot be settled by the application of any mathematical formula. We do say ordinarily in any such case we would be reluctant to reverse on the facts and that under the particular circumstances here we are of the opinion we ought not to do so.

The defendant complains of instructions given by the court at the request of plaintiff. In particular,

complaint is made that No. 17 for the plaintiff was erroneous in that it stated a mere abstract proposition of law, citing *Chicago B. & Q. R. Co. v. VanPatten,* 64 Ill. 510; *West Chicago Street R. Co. v. Dougherty,* 170 Ill. 379, and *Chicago Union Traction Co. v. Miller,* 212 Ill. 49. On the former appeal we hold this instruction (also No. 27 for plaintiff, now complained of) was not erroneous. We are bound by that holding.

Complaint is made ''The court erred in refusing to give eight instructions tendered by the defendant.'' This is defendant's fourteenth point. The record shows eight instructions were given at the request of plaintiff, and that one instruction requested was refused. Twenty instructions requested by defendant were given. On the first appeal this court said:

''The court gave 41 instructions to the jury, 11 offered by plaintiff and 30 by defendant—too many. So far as the record discloses, no instruction was refused. We have considered the instructions and the objections made to certain of them by defendant but are of opinion there was no substantial error in the instructions.''

The instructions given fully and accurately state the law applicable. We do not reverse a trial court for following our suggestions. Defendant says the instructions refused were all stock instructions. The law does not require a jury to be twice instructed on the same proposition of law. Such a practice tends to mislead and confuse the jury. We hold there was no error in instructions given at plaintiff's request and that correct instructions requested by defendant and denied were covered by other instructions.

The judgment will be affirmed.

*Affirmed.*

O'CONNOR, J., concurs.

MR. JUSTICE MCSURELY participated in the decision of this case but passed away before the opinion was filed.